## Dixon v. Priester

Before Evans, P. J., and Laub, J.

*Quinn, Leemhuis, Plate & Dwyer*, for plaintiff.

*Bryan, Joslin & Bryan*, for defendant.

*Brooks, Curtze & Silin*, for Jesse P. Dixon, defendant in counterclaim.

LAUB, J., June 18, 1952.—In this negligence action involving the total destruction of plaintiff's truck used for commercial purposes, the jury found for plaintiff in the amount of $3,070. Defendant has moved for a new trial assigning as error the fact that the trial judge permitted the jury to consider the loss of use of the plaintiff's equipment as an item of damage.

The testimony disclosed that as a result of the collision caused by defendant's negligence, plaintiff was incapacitated for a period of three weeks during which he was unable to operate a truck or conduct his usual business which consisted in trucking merchandise for other persons. Loss of earnings was not pleaded in

the complaint but the trial judge submitted the issue of loss of use to the jury on the theory that plaintiff could not have rented, borrowed or otherwise secured another piece of equipment during the period when he was incapacitated and further, even though such equipment were obtained for him by someone else, he could not have operated it. The proof offered by plaintiff as to damages for his loss of use showed a loss of three hundred dollars a week for three weeks. The jury however, in its verdict itemized the various elements upon which it made its award and this showed an allowance to plaintiff for "Time lost—earnings—three weeks, $750."

Although the general rule seems to be that damages directly resulting from the act of defendant may be recovered by a plaintiff even though not specially laid in the complaint, the rule cannot be relied upon in torts where a chattel has been completely destroyed. Loss of use may be recovered for a reasonable period covering the time necessary to repair a damaged chattel or for its detention but not, as here, where the chattel is damaged beyond repair. Consideration of the facts in this case leads one to reason that plaintiff ought to recover his damage for loss of use since he suffered that pecuniary loss as the direct result of defendant's negligence. On the other hand, to recover damages after the fashion which obtained here would be to permit a back-door recovery for loss of earnings without pleading them or adhering to the rules which accompany attempted proof of such loss. The ambivalence of these arguments is dissolved by the following provisions found in A. L. I. Restatement of the Law of Torts §928:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel

before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and

"(b) the loss of use."

To this section is added comment (*a*) which states, in part:

"If it does not appear to a reasonable person economical to repair or replace the damaged part, the damages are the full value of the subject matter at the time of the tort, less the junk value of the remains."

The reason for the rule is illustrated by what happened here. This plaintiff, without pleading loss of earnings, was permitted to recover for them. Defendant, faced with the sure knowledge that loss of use depends upon ability to repair the damaged chattel, was totally unprepared to defend upon damages to plaintiff's person. Defendant thus had no knowledge of the attack which plaintiff was to make. Furthermore, loss of use apparently calls for proof of rental value of like equipment in order to establish damages whereas proof of loss of earning depends upon the physical ability of plaintiff to work coupled with other considerations such as indolence, capacity to work and the availability of opportunities. The measure of damage and the proof offered differs materially with each approach.

Under the circumstances it is apparent that plaintiff could not recover for the loss of his equipment. Consider the situation where a person in plaintiff's condition is permanently injured so as to be forever incapacitated to drive a truck. Would it be justice to permit damages for loss of use for the term of plaintiff's life expectancy when, by pleading the same the jury would be furnished with the proper evidence and charge concerning such claims? Under such condi-

tions the availability of rental value of other equipment would not aid defendant nor could he defend on the ground that plaintiff could earn a substantial income by keeping books. He would be ensnared by the unusual factual situation which would make him liable in damages far greater than would obtain had plaintiff sued for loss of earnings or future loss of earning capacity. Since, in such case plaintiff has his remedy of suing for lost earnings and loss of earning capacity, justice requires that his case be pleaded accordingly.

The fortunate circumstance of the jury itemization of its verdict makes it possible for the following order:

And now, to wit, June 18, 1952, the rule entered March 6, 1952, is made absolute and a new trial is awarded unless plaintiff, within 15 days, files a remittitur in the amount of $750. Upon the filing of such remittitur, the rule will be discharged.